UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

SHAKIRA LESLIE; and SHAMILL BURGOS; on behalf of themselves and all others similarly situated,

          *Plaintiffs*,

       v.

CITY OF NEW YORK; KEECHANT SEWELL, Police Commissioner for the City of New York, in her official capacity; KENNETH COREY, Chief of Department for the New York City Police Department, in his official capacity; JAMES ESSIG, Chief of Detectives for the New York City Police Department, in his official capacity; EMANUEL KATRANAKIS, Deputy Chief in the Forensic Investigations Division of the New York City Police Department, in his official capacity; and DR. JASON GRAHAM, Acting Chief Medical Examiner for the City of New York, in his official capacity;

          *Defendants*.

------------------------------------------------------------ x

Case No. 1:22-CV-02305

## DECLARATION OF PHILIP DESGRANGES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

PHILIP DESGRANGES, a member of the Bar of New York and a member of the bar of this Court, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

    1.    I am an attorney at The Legal Aid Society (LAS) and serve as counsel for the plaintiffs in this putative class action. As such, I am fully familiar with the facts and circumstances of this proceeding.

    2.    I submit this declaration in support of the plaintiffs' motion for class certification. Attached to this declaration are documents referenced in plaintiffs' memorandum of law in support of the motion for class certification.

3. Proposed class counsel, The Legal Aid Society of the City of New York, is a private, non-profit organization that has provided free legal assistance to indigent persons in New York City for over 125 years. It is the largest provider of criminal defense services and juvenile defense services in New York City. Through its Special Litigation Unit of the Criminal Defense Practice, The Legal Aid Society has significant experience litigating class actions seeking to reform New York City's policing practices. *See, e.g.*, *Davis, et al. v. City of New York*, 296 F.R.D. 158 (S.D.N.Y. 2013) (class action challenging stop-and-frisk and trespass arrests in NYCHA housing on Fourth and Fourteenth Amendment grounds); *Belle, et al. v. City of New York* (S.D.N.Y.) (class action challenging pattern of street stops for purposes of warrant checks). Through its Special Litigation and Law Reform Unit of the Juvenile Rights Practice, The Legal Aid Society has significant experience litigating civil rights class actions. *See, e.g., R.F.M. et al. v. Nielsen et al.,* 18 CIV 5068 (S.D.N.Y.) (class action challenging federal change in policy denying 18-21 year olds Special Immigrant Juvenile Status); *C.W. et al. v. the City of New York*, 13 CIV 7376 (E.D.N.Y.) (class action seeking to establish a right to shelter for runaway and homeless youth); *G.B. et al. v. Carrión et al.*, 09 CIV 10582 (S.D.N.Y.) (class action challenging use of harmful restraints and denial of mental health care to placed juvenile delinquents).

4. The LAS litigation team on this matter includes Corey Stoughton, Philip Desgranges, and Lisa Freeman. Corey Stoughton is the Attorney in Charge of the LAS' Special Litigation Unit of the Criminal Defense Practice. She has been admitted to the bar of New York since 2003 and has litigated numerous civil rights, class action cases in state and federal court, including the cases relating to the Criminal Defense Practice cited in the previous paragraph. Philip Desgranges serves or has served as class counsel on *Peoples v. Annucci*, 180 F. Supp. 3d 294 (S.D.N.Y. 2016), *V.W. v. Conway*, 236 F. Supp. 3d 554 (N.D.N.Y. 2017), *People ex. Rel. Pace v.*

*Schiff*, No. E2020-671, 2020 WL 4692165 (N.Y. Sup. Ct. June 22, 2020), and *Agnew v. New York City Dept. of Correction*, No. 813431-2021E, 2021 WL 6104121 (N.Y. Sup. Ct. Dec. 03, 2021). Lisa Freeman is the Director of the Juvenile Rights Practice Special Litigation and Law Reform Unit. She has been admitted to the bar of New York since 1990. She has served as class counsel on the cases cited in the prior paragraph relating to the Juvenile Rights Practice, as well as in numerous other class actions in the Southern and Eastern Districts of New York.

5. Proposed class counsel are committed to serving the interests of the class and have the resources and expertise to do so. Before filing this class-action lawsuit, counsel spent significant time researching the government's practices and relevant laws, and identifying and interviewing people who had their DNA surreptitiously taken, analyzed, and maintained in the City's Suspect Index by the defendants without consent and without a warrant or court order. Counsel have engaged in significant work researching and investigating the claims in this matter and are prepared to provide adequate staffing and funding to see this case through to its conclusion.

6. Named plaintiffs Shakira Leslie and Shamill Burgos have had their DNA surreptitiously taken and analyzed by the defendants without consent and without a warrant or court order and maintained in the City's Suspect Index. I have spoken with the named plaintiffs, and I affirm that they have declared that they are willing to serve as class representatives in this case and have no foreseeable conflicts of interest with other class members.

7. Attached as Exhibit A to this declaration is a true and correct copy of the NYPD Detective Guide: Collecting DNA Exemplar Abandonment Suspect Samples in a Controlled Environment and in a Non-Controlled Environment, Procedure Nos. 506-06 and 506-07, issued December 9, 2013.

8. Attached as Exhibit B to this declaration is a true and correct copy of a news report from The New York Times entitled "Before Lifting DNA, Meticulous Protocol," August 28, 2012, publicly available at https://www.nytimes.com/2012/08/29/nyregion/dna-evidence-in-police-interrogation-rooms-requires-bleach.html.

9. Attached as Exhibit C to this declaration is a true and correct copy of OCME's Forensic Biology Evidence and Case Management Manual: Case Acceptance and Evidence Sign-in, date effective February 16, 2022, publicly available at https://www1.nyc.gov/assets/ocme/downloads/pdf/technical-manuals/forensic-biology-technical-manuals/case_acceptance_and_evidence_sign-in_021622.pdf.

10. Attached as Exhibit D to this declaration is a true and correct copy of OCME's Forensic Biology CODIS Manual: CODIS Profile Management, date effective January 10, 2022, publicly available at https://www1.nyc.gov/assets/ocme/downloads/pdf/technical-manuals/forensic-biology-technical-manuals/profile_management_011022.pdf.

11. Attached as Exhibit E to this declaration is a true and correct copy of Transcript of the Minutes of the New York City Council's Committee on Public Safety Jointly with Committee on Justice System, DNA Collection and Storage in NYC, February 25, 2020, publicly available at https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=4334942&GUID=F5B48FBC-3BF8-44D9-B5B6-D01B94E7FA91&Options=&Search=.

12. Attached as Exhibit F to this declaration is a true and correct copy of the Testimony of Dr. Howard Baum submitted to the New York City Council DNA Collection and Oversight Hearing, dated February 25, 2020.

13. Attached as Exhibit G to this declaration is a true and correct copy of the NYPD's announcement entitled "New York City Police Department Announces Reforms to DNA

Collection Policies," dated February 20, 2020, publicly available at https://www1.nyc.gov/site/nypd/news/pr0220/new-york-city-police-department-reforms-dna-collection-policies.

14. Attached as Exhibit H to this declaration is a true and correct copy of OCME's Local DNA Index System (LDIS) Statistics, dated June 2, 2021, publicly available at https://www1.nyc.gov/assets/ocme/downloads/pdf/ldis060121.pdf.

15. Attached as Exhibit I to this declaration is a true and correct copy of OCME's Local DNA Index System (LDIS) Statistics, dated March 1, 2022, publicly available at https://www1.nyc.gov/site/ocme/services/ldis-tally.page.

16. Attached as Exhibit J to this declaration is a true and correct copy of OCME's Forensic Biology Evidence and Case Management Manual: Evidence Examination, date effective August 26, 2021, publicly available at https://www1.nyc.gov/assets/ocme/downloads/pdf/technical-manuals/forensic-biology-technical-manuals/evidence_examination_082621.pdf.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Philip Desgranges*
PHILIP DESGRANGES

Dated: March 21, 2022
New York, N.Y.