**THE LEGAL AID SOCIETY**

199 Water Street
New York, NY 10038
(212) 577-3300
https://www.legalaidnyc.org

May 25, 2022

**By ECF**
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Leslie, et al. v. City of New York, et al</u>., 22-cv-02305

Dear Judge Buchwald:

On behalf of the plaintiffs, we write in response to the defendants' request for a pre-motion conference concerning their proposed motion to dismiss. The plaintiffs do not oppose the defendants' request for a pre-motion conference. In lieu of a conference, however, the plaintiffs suggest that the parties confer and propose a briefing schedule for the Court's approval.

As background, on March 21, the plaintiffs filed their putative class-action complaint challenging New York City's policy and practice of secretly taking and analyzing, without a warrant or court order, the DNA of people whom the police suspect of committing a crime, and maintaining this DNA in an index where it is perpetually compared to past and future crime scene evidence. For years now, New York City Police Department ("NYPD") detectives have followed the NYPD's Detective Guide and targeted unsuspecting New Yorkers, including young children, to obtain their DNA by interrogating them in rooms that detectives have prepared in advance to capture saliva, skin cells, or other genetic material. The NYPD sends these DNA samples to the Office of Chief Medical Examiner ("OCME"), which analyzes the samples, creates a DNA profile, and maintains it in an unregulated and unauthorized index of people suspected of criminal activity ("the Suspect Index") for comparison against crime scene DNA evidence. Through this practice, the City has seized, analyzed, and indexed the DNA of thousands of unsuspecting New Yorkers, including the DNA of plaintiffs Shakira Leslie and Shamill Burgos, and compared them against crime scenes for which there is no reason to suspect their involvement. As alleged in the complaint, this practice violates the plaintiffs' rights under the Fourth Amendment of the United States Constitution and their rights under New York state law.

In addition to filing their complaint, on March 21 the plaintiffs moved for class certification of a proposed class of all people who have had or will have their DNA surreptitiously taken and analyzed by the defendants without consent and without a warrant or court order and maintained in the City's Suspect Index. On behalf of themselves and the proposed class, the plaintiffs seek declaratory and injunctive relief to end the defendants' policy and practice of surreptitiously taking, analyzing, and indexing people's DNA and to expunge their DNA profiles from the Suspect Index.

**Justice in Every Borough.**

Hon. Naomi Reice Buchwald                                                                                                Page 2

      Contrary to defendants' representations, the plaintiffs have standing to bring their claims on behalf of themselves and the putative class and their claims are not moot. The plaintiffs have standing because the "analysis and maintenance" of their DNA in the City's Suspect Index is a search under the Fourth Amendment. *See Nicholas v. Goord,* 430 F.3d 652, 670 (2d Cir. 2005); *see also United States v. Amerson*, 483 F.3d 73, 89 (2d Cir. 2007) ("It is settled law that DNA indexing statutes, because they authorize . . . a chemical analysis to obtain private physiological information about a person, are subject to the strictures of the Fourth Amendment."). As alleged in the complaint, the plaintiffs and the putative class are subject to unreasonable searches when the defendants take and analyze their DNA and, through the Suspect Index, compare it to nearly 30,000 crime scene samples without a warrant or court order. The defendants' post-filing attempts to moot the plaintiffs' claims fail because, under an exception to the mootness doctrine, the plaintiffs' claims "relate back to the time of the filing of the complaint with class allegations." *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016) (internal quotations omitted). Moreover, under another exception to mootness, the defendants' voluntary cessation of the challenged practice as to the named plaintiffs "does not deprive a federal court of its power to determine the legality of the practice." *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (internal quotations and citations omitted). Finally, the defendants' supplemental jurisdiction arguments also fail because they are premised on incorrect assertions that the plaintiffs lack standing, that their claims are moot, and that the federal and state claims, which both protect the plaintiffs' genetic privacy and protect against unlawful searches of their DNA, are not closely related.

Respectfully submitted,

*s/ Philip Desgranges*
Philip Desgranges
J. David Pollock
Brittany Thomas
Anna Blondell
Allison Durkin
Peter Laumann
Lisa Freeman
Corey Stoughton
The Legal Aid Society
199 Water Street
New York, NY 10038
212-577-3398
pdesgranges@legal-aid.org

*Attorneys for Plaintiffs*

**Justice in Every Borough.**