

125 Broad Street
New York, NY 10004
212-607-3300
www.nyclu.org

*VIA ECF*

July 7, 2022

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court for
 the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Leslie et al v. City of New York et al.*,
      22-cv-02305 (NRB)

Dear Judge Buchwald:

  In accord with your chambers' direction, I write on behalf of the American Civil Liberties Union and the New York Civil Liberties Union to request the Court's guidance on our request to file an *amicus curia* brief in this matter, which challenges the NYPD's collection and use of DNA. Specifically, we propose filing a 10-page brief, in support of plaintiffs, in response to a motion to dismiss that we expect New York City will file on or before July 12, 2022.

  The ACLU is a nationwide, nonprofit, nonpartisan organization dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The NYCLU is the New York State affiliate of the ACLU, and it fights for the constitutional rights of all New Yorkers to be free from unreasonable searches, to maintain their genetic privacy, and to ensure a police force that respects the liberties and legal rights of all people. Both the NYCLU and the ACLU have a strong interest in supporting the guarantees of the Fourth Amendment and article I, section 12 of the New York Constitution so that the right to privacy – including genetic privacy – remains protected for all of us, even as technology advances.  For the reasons below, the NYCLU and the ACLU believe an *amicus curiae* submission will be of assistance to the Court in considering the disposition of this case.

  The NYCLU and the ACLU bring decades of specialized expertise regarding questions directly implicating the issues in this case. The ACLU and NYCLU have litigated and participated as *amicus curiae* in numerous cases concerning people's expectation of privacy and possessory interest in their DNA, *see, e.g., State v. Moreaux*, Supreme Court of the State of New York, County of Kings No. 3825-2019 (*amicus*), as well as other cases considering the application of older Fourth

Amendment and article I, section 12 doctrines to new surveillance technologies, *see, e.g.*, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (counsel); *Riley v. California*, 573 U.S. 373 (2014) (*amicus*); *People v. Weaver*, 12 N.Y.3d 433 (2009) (*amicus*).

  The NYCLU also brings expertise regarding relevant state law. The NYCLU was actively involved in the drafting and passage of, and subsequent amendments to, Article 49-B of New York State Executive Law, establishing, *inter alia*, the New York State "DNA Identification Index." *See* NY Exec. Law §§ 995 et seq.  It was also actively involved in the drafting and passage of New York Civil Rights Law § 79-1, establishing the "[c]onfidentiality of records of genetic tests."

  The NYCLU has advocated for many years, in both New York State and New York City Council legislative and executive agency oversight fora and in various New York State court proceedings, that New York City's maintenance of DNA samples in the local DNA databank system maintained by the New York City Office of Chief Medical Examiner and utilized by the NYPD runs contrary to city, state, and constitutional law, implicating New Yorkers' constitutional rights to privacy, due process, reasonable search and seizure, and equal protection.

  Accordingly, our proposed *amicus* brief would highlight issues relating to people's expectation of privacy and possessory interest in their DNA; the involuntariness with which we shed our DNA; and the dire implications that adopting the City defendants' anticipated arguments on the motion to dismiss would have for all New Yorkers.

  As noted, we respectfully propose filing a 10-page *amicus* brief on August 16, 2022, the date that the plaintiffs' responses are due, so that the City defendants would have time to consider our submission in advance of their August 30, 2022 reply.

  We look forward to the Court's guidance on this matter.

            Respectfully submitted,

            *s/ Beth Haroules*
            Beth Haroules

cc: All counsel (via ECF)