UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

SHAKIRA LESLIE; and SHAMILL     :
BURGOS; on behalf of themselves and all   :
others similarly situated,                :
                                         :
               *Plaintiffs*,         :
                                         :
           v.                 :
                                         :
CITY OF NEW YORK; KEECHANT SEWELL,  :
Police Commissioner for the City of New York, in  :
her official capacity; KENNETH COREY, Chief of  :
Department for the New York City Police  :
Department, in his official capacity; JAMES  :
ESSIG, Chief of Detectives for the New York City  :
Police Department, in his official capacity;  :
EMANUEL KATRANAKIS, Deputy Chief in the  :
Forensic Investigations Division of the New York  :
City Police Department, in his official capacity;  :
and DR. JASON GRAHAM, Acting Chief Medical  :
Examiner for the City of New York, in his official  :
capacity;                        :
                                         :
               *Defendants*.      :

Case No. 1:22-CV-02305

--------------------------------------------------------- x

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN OPPOSITION TO THE APPLICATION OF PULLMAN ABSTENTION

Philip Desgranges
J. David Pollock
Paula Garcia-Salazar
Anna Blondell
Allison Durkin
Peter Laumann
Lisa Freeman
Corey Stoughton
The Legal Aid Society
199 Water Street
New York, NY 10038

*Attorneys for Plaintiffs*

Dated: February 10, 2023
      New York, N.Y.

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................. 1

I.   The Resolution Of Plaintiffs' Fourth Amendment Claim Does Not Depend On An
     Interpretation Of State Law. ................................................................................... 1

II.  Defendants' Claim That Article 49-B And Civil Rights Law 79-l Are Ambiguous Is
     Wrong And Lacks Any Support. ............................................................................. 2

III. No Interpretation Of State Law Would Eliminate The Need To Adjudicate Plaintiffs'
     Fourth Amendment Claim. ..................................................................................... 4

CONCLUSION ............................................................................................................ 5

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Bill Wolf Petroleum Corp. v. Vill. of Port Washington N.*, 489 F. Supp. 2d 203 (E.D.N.Y. 2007) 1

*Canaday v. Koch*, 608 F. Supp. 1460 (S.D.N.Y. 1985) ............................................................ 1, 2

*Cannady v. Valentin*, 768 F.2d 501 (2d Cir. 1985) .................................................................. 1

*Fenner v. Boykin*, 271 U.S. 240 (1926) .................................................................................. 4

*McRedmond v. Wilson*, 533 F.2d 757 (2d Cir. 1976) ............................................................. 1

*Naprstek v. City of Norwich*, 545 F.2d 815 (2d Cir. 1976) .................................................. 4, 5

*People v. Debraux*, 50 Misc. 3d 247 (Sup. Ct. N.Y. Co. 2015) ............................................. 4

*People v. Rodriguez*, 196 Misc. 2d 217 (Sup. Ct. Kings Co. 2003) ..................................... 3, 5

*Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus*, 60 F.3d 122 (2d Cir. 1995) .............. 4

*Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941) .............................. 1, 2, 4, 5

*Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89 (1935) ..................................................... 4

*United Fence & Guard Rail Corp. v. Cuomo*, 878 F.2d 588, (2d Cir. 1989) ......................... 2

*Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376 (2d Cir. 2000) ......................... 1

*Wisconsin v. Constantineau*, 400 U.S. 433 (1971) ............................................................... 4

**STATUTES**

N.Y. Civ. Rights Law § 79-l .......................................................................................... passim

N.Y. Exec. Law Article 49-B .......................................................................................... passim

**OTHER AUTHORITIES**

New York Bill Jacket, 1996 S.B. 4293, Ch. 497 ......................................................... 3

## ARGUMENT

I.   **THE RESOLUTION OF PLAINTIFFS' FOURTH AMENDMENT CLAIM DOES NOT DEPEND ON AN INTERPRETATION OF STATE LAW.**

In their letter in support of *Pullman* abstention, defendants claim that whether the resolution of plaintiffs' Fourth Amendment claim "depends on" an interpretation of state law is "complicated." Defs' Ltr at 5 (ECF No. 66) (citing *McRedmond v. Wilson*, 533 F.2d 757, 760 (2d Cir. 1976)). But they fail to explain how, under any scenario, this requirement for *Pullman* abstention is met here. *See* Defs' Ltr at 5. Instead, defendants argue (incorrectly) that if plaintiffs were to succeed on their state law claim then that would moot their constitutional claim. *See id.* But that argument merely conflates *Pullman's* second "depends on" requirement with its third "avoid or materially alter" requirement.

Defendants acknowledge in their letter that the "depends on" requirement is met where "the state law issue has to be decided before the federal issue can be reached." Defs' Ltr at 5. In their letter, they raise two state law issues: (1) whether the City's operation of the Suspect Index violates Article 49-B; and (2) whether defendants' practice of testing people's DNA without their consent and without a warrant or court order violates the confidentiality protections in Civil Rights Law 79-l. But they fail to explain how it is "logically necessary to decide the state law issues first, before reaching the constitutional claim."[1] *Canaday v. Koch*, 608 F. Supp. 1460, 1466–67 (S.D.N.Y. 1985), *aff'd sub nom. Cannady v. Valentin*, 768 F.2d 501 (2d Cir. 1985); *see also Bill Wolf Petroleum Corp. v. Vill. of Port Washington N.*, 489 F. Supp. 2d 203, 208–09 (E.D.N.Y. 2007) (denying *Pullman* abstention where the party seeking abstention "fail[ed] to explain how

---

[1] Defendants appear to take issue with the Second Circuit's requirement that *Pullman* abstention can only be met where the constitutional issue "depends on" an interpretation of state law. *See* Defs' Ltr at 5 (critiquing the standard in *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376 (2d Cir. 2000)). Defendants' critique of the Second Circuit's standard is irrelevant here given that this standard is binding and has existed in this circuit since 1976. *See McRedmond v. Wilson*, 533 F.2d 757, 761 (2d Cir. 1976).

resolution of the federal issues depend on the interpretation of state law."). As plaintiffs explained in their initial submission, the resolution of their Fourth Amendment claim depends on the application of Fourth Amendment jurisprudence, not on state law issues. *See* Pls' Mem. at 4-6 (ECF No. 65). Because plaintiffs' Fourth Amendment claim is "alternative to, rather than dependent upon," state law issues, *see Canaday*, 608 F. Supp. at 1466–67, the second condition for *Pullman* abstention cannot be met here.

## II.  DEFENDANTS' CLAIM THAT ARTICLE 49-B AND CIVIL RIGHTS LAW 79-L ARE AMBIGUOUS IS WRONG AND LACKS ANY SUPPORT.

In their letter, defendants claim that the first *Pullman* condition requiring that there be an unclear state statute at issue is met here because (i) there are conflicting state cases addressing the Suspect Index, and the New York Court of Appeals has not determined whether the City's Suspect Index lacks authorization under Article 49-B; and (ii) it is "unsettled" as to whether Civil Rights Law 79-l applies to "criminal investigations and proceedings," and the New York Court of Appeals has not addressed the issue. Defs' Ltr at 5. But they are wrong on both points.

First, defendants cite no case finding that Article 49-B authorizes the City to create and operate the Suspect Index. Instead, they refer back to the same cases cited in their motion to dismiss that admit that Article 49-B fails to authorize the Suspect Index, while finding that it does not explicitly prohibit it. *See* Defs' Ltr at 5; *see also* Pls Mem. at 8. As explained in plaintiffs' initial submission, defendants' cases only confirm that there is no ambiguity as to whether Article 49-B authorizes the operation of the Suspect Index. *See* Pls Mem. at 8. The lone question raised by these cases is whether the defendants can operate the Suspect Index *absent* legislative authorization, and this Court is as well-suited to resolve that question as any state court. *See United Fence & Guard Rail Corp. v. Cuomo*, 878 F.2d 588, 595-96 (2d Cir. 1989) (holding that "[a]uthorization issues are part of the business of courts" that "the federal court is as competent as its state counterpart to

2

evaluate").

Second, defendants claim, without any support, that it is "unsettled" as to whether Civil Rights Law 79-l applies to "criminal investigations and proceedings." *See* Defs' Ltr at 3. The clear and unambiguous terms in the statute show that it does:

- "'genetic test' shall mean any laboratory test of human DNA, chromosomes, genes, or gene products to diagnose the presence of a genetic variation linked to a predisposition to a genetic disease or disability in the individual or the individual's offspring; *such term shall also include DNA profile analysis*." N.Y. Civ. Rights Law § 79-l(1)(a) (emphasis added).
- "No person shall perform a genetic test on a biological sample taken from an individual without the prior written informed consent of such individual as provided in paragraph (b) of this subdivision, except as otherwise provided in paragraph (c) of subdivision two and by subdivision nine of this section." N.Y. Civ. Rights Law § 79-l(2)(a).
- "Notwithstanding the provisions of subdivision two of this section, genetic tests may be performed without the consent of the person who is the subject of the tests *pursuant to an order of a court of competent jurisdiction or as provided pursuant to article forty-nine-B of the executive law* or as provided by section twenty-five hundred-a of the public health law." N.Y. Civ. Rights Law § 79-l(4)(b) (emphasis added).

The terms of Civil Rights Law 79-l show that its prohibitions on DNA profile analysis absent written informed consent are broadly applicable to "no person" and that the statute carves out limited exceptions for DNA profile analysis that are authorized by a court order or under Article 49-B. The Legislature included these limited exceptions to the statute "to balance the rights of the individual with the legitimate interests of our criminal justice system," according to the law's sponsor in the State Senate. New York Bill Jacket, 1996 S.B. 4293, Ch. 497. Thus, defendants' speculation that the statute may not apply to criminal investigations and proceedings is unfounded.

Defendants provide no case law to support their assertion that the confidentiality protections in Civil Rights Law 79-l exclude criminal investigations and proceedings. In their letter, the defendants cite *People v. Rodriguez*, which addressed the confidentiality restrictions in Article 49-B and only referenced the legislative history of Civil Rights Law 79-l to inform its view

of the Legislature's intent regarding its protections for DNA confidentiality, and *People v. Debraux*, which defendants concede "does not mention section 79-l." Defs' Ltr at 3.

Finally, contrary to defendants' suggestion, ambiguity cannot be found in either Article 49-B or Civil Rights Law 79-l merely because the New York Court of Appeals has not addressed those statutes. *See Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus*, 60 F.3d 122, 126–27 (2d Cir. 1995) (holding that the regulations at issue are not "rendered 'unclear' merely because no state court has yet construed them.") (*citing Wisconsin v. Constantineau,* 400 U.S. 433, 438–39 (1971) (abstention not warranted by fact that state courts had not interpreted state law provision)). Because both statutes here are clear and defendants cannot point to any existing terms in the statutes that support their arguments, abstention is inappropriate. *See Naprstek v. City of Norwich*, 545 F.2d 815, 816–18 (2d Cir. 1976) (holding that because state courts are "powerless to supply" missing terms in a clearly worded statute, "[a]bstention will avail the defendants nothing and is not appropriate under these circumstances.").[2]

## III.   NO INTERPRETATION OF STATE LAW WOULD ELIMINATE THE NEED TO ADJUDICATE PLAINTIFFS' FOURTH AMENDMENT CLAIM.

In their letter, defendants argue that the third *Pullman* condition—requiring that state law be susceptible to an interpretation that would avoid or materially modify plaintiffs' Fourth Amendment claim—is met here because "conflicting lower court decisions on Article 49-B, and the one lower court decision citing section 79-l" show such an interpretation is possible. Defs' Ltr at 5. As explained in plaintiffs' initial submission, even if a state court found that the City's Suspect

---

[2] Defendants also argue that *Pullman* abstention is favored here because of two Supreme Court decisions that they claim stand for the proposition that "crime solving and crime prevention" is a "traditional area of state concern and a core function of state government." Defs' Ltr at 6 (citing *Fenner v. Boykin*, 271 U.S. 240 (1926); *Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89 (1935)). But *Fenner* and *Spielman* are irrelevant here because they addressed requests to enjoin state officers (prosecutors) from initiating criminal actions to prosecute violations of state law. None of those facts are present here. Federal courts in New York have repeatedly granted injunctions against the NYPD. *See* Pls' Opposition at 22-23 (citing cases) (ECF No. 55).

Index violates Article 49-B, the City's practice of collecting and analyzing people's DNA to compare it to crime scene DNA would remain at issue in this case. *See* Pls' Mem. at 9-10. Thus, the necessity to adjudicate plaintiffs' Fourth Amendment claim would persist. *See Naprstek*, 545 F.2d at 817–18 (finding that the "special circumstances" required for a federal court to apply *Pullman* abstention cannot exist "when the state court construction of the statute will not and cannot avoid the necessity for constitutional adjudication.") (citation omitted).

As to Civil Rights Law 79-l, defendants fail to explain how "the one lower court decision citing section 79-l" has any bearing on the plaintiffs' constitutional claim. *See* Defs' Ltr at 5 (citing *People v. Rodriguez*, 196 Misc. 2d 217, 224–27 (Sup. Ct. Kings Co. 2003)). The *Rodriguez* court cites the legislative history of Civil Rights Law 79-l as part of its "examination of the various DNA statutes and legislative documents" to understand "the issue of legislative intent" in protecting DNA records from dissemination under Article 49-B. *See Rodriguez*, 196 Misc. 2d at 224-27. But *Rodriguez* provides no interpretation of Civil Rights Law 79-l that could avoid plaintiffs' Fourth Amendment claim. Notably, Civil Rights Law 79-l restricts the civil remedy available for violations of its confidentiality provisions to fines.[3] N.Y. Civil Rights Law 79-l(5)(a). Thus, plaintiffs could not obtain relief under the statute, let alone relief that would moot or materially alter their Fourth Amendment claim.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs respectfully request that this Court find that the doctrine of *Pullman* abstention is not applicable to this case.

---

[3] That is consistent with the dearth of cases addressing Civil Rights Law 79-l, as defendants point out in their letter. *See* Defs' Ltr at 3.

Dated: February 10, 2023
       New York, N.Y.

Respectfully submitted,

*s/ Philip Desgranges*

_____
Philip Desgranges
J. David Pollock
Paula Garcia-Salazar*
Anna Blondell
Allison Durkin
Peter Laumann
Lisa Freeman
Corey Stoughton
The Legal Aid Society
199 Water Street
New York, NY 10038
212-577-3398
pdesgranges@legal-aid.org
jpollock@legal-aid.org
pgarciasalazar@legal-aid.org
ablondell@legal-aid.org
adurkin_fellow@legal-aid.org
plaumann@legal-aid.org
lafreeman@legal-aid.org
cstoughton@legal-aid.org

*Admission to the SDNY bar pending

*Attorneys for Plaintiffs*