Index No. 22-CV-02350 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKIRA LESLIE; and SHAMILL BURGOS; on behalf of themselves and all others similarly situated,

                              Plaintiffs,

v.

CITY OF NEW YORK; KEECHANT SEWELL, Police Commissioner for the City of New York, in her official capacity; KENNETH COREY, Chief of Department for the New York City Police Department, in his official capacity; JAMES ESSIG, Chief of Detectives for the New York City Police Department, in his official capacity; EMANUEL KATRANAKIS, Deputy Chief in the Forensic Investigations Division of the New York City Police Department, in his official capacity; and DR. JASON GRAHAM, Acting Chief Medical Examiner for the City of New York, in his official capacity;

                              Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PULLMAN ABSTENTION

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*

Attorney for Defendants
100 Church Street, 2nd Floor
New York, New York 10007

*Of Counsel: Marilyn Richter*
*Tel: (212) 356-2083*

This Memorandum of Law is submitted by Defendants, pursuant to the Court's Order dated January 20, 2023 (ECF No. 64), in rebuttal to Plaintiffs' Memorandum of Law (ECF No. 66) ("Pl MOL")[1] concerning whether *Pullman* abstention is applicable to this case.

## ARGUMENT

### A. The State Law is Uncertain

Plaintiffs claim that the first condition of the three-part standard for invocation of abstention is not met because Executive Law Article 49-B has no ambiguous terms that could be construed as authorizing the Subject Index maintained by the New York City Office of the Chief Medical Examiner ("OCME"). Therefore, Plaintiffs assert, Article 49-B does not present a situation where a federal court should abstain, because its construction of state law may be inconsistent with a subsequent authoritative state adjudication. Plaintiffs note this is a reason for abstention cited in *Railroad Comm of Texas v. Pullman*, 312 U.S. 496, 500 (1941) and *United Fence & Guard Rail Corp. v. Cuomo*, 878 F.2d 588, 595 (2d Cir. 1989). (Pl MOL, pp. 6-7).

The first condition is generally stated as whether state law is unclear or uncertain, which comprehends but is not limited to facial statutory ambiguity. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100 (2d Cir. 2004) (quoting *Vt. Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 385 (2d Cir. 2000)); *McRedmond v. Wilson*, 533 F.2d 757, 761 (2d Cir. 1976). That state law is uncertain here is demonstrated by the conflicting decisions of the lower state courts. Plaintiffs posit that if Article 49-B does not explicitly authorize, then it prohibits OCME from maintaining the Subject Index. Many lower state court decisions however, have concluded that Article 49-B neither authorizes nor prohibits OCME from maintaining the Subject Index and that accordingly,

---

[1] Defendants' counsel assumed the Court's direction to provide submissions referred to letters. Since Plaintiffs submitted a memorandum of law, Defendants have done the same on rebuttal.

the Subject Index does not violate Article 49-B. Plaintiffs characterize such decisions as "mistaken." (Pl MOL, p. 8). The relevant issue is how the state courts construe the statute, not Plaintiffs' construction.

While Defendants cited two decisions in their Motion to Dismiss that found the Subject Index does not violate Article 49-B, one of them, *People v. White*, 60 Misc.3d 304, 307-310 (Sup. Ct. Bx. Co. 2018), collected twelve other decisions to the same effect, at 307, n.1. *People v. Debraux*, 50 Misc. 3d 247, 262 (Sup. Ct. N.Y. Co. 2015), *aff'd on other grounds, People v. Merritt*, 176 A.D.3d 541 (1st Dep't 2019), cited in Defendants' Abstention Letter ("Def Ltr"), cited four other decisions which held that OCME's Subject Index did not violate Article 49-B and one decision which held that it did.[2] Accordingly, state law is uncertain, the statute is ambiguous and a ruling by the federal courts on this issue could well be inconsistent with a subsequent N.Y. Court of Appeals decision. The first condition is satisfied.

B. <u>Adjudication of the State Law Issues Could Avoid or Modify the Constitutional Issue</u>

Plaintiffs assert that the third condition for *Pullman* abstention is not met, because the Fourth Amendment claim would still need to be adjudicated, regardless of how N.Y. Executive Law Article 49-B is construed. (Pl MOL, p. 9). Plaintiffs cite *Naprstek v. City of Norwich*, 545 F.2d 815, 817-18 (2d Cir. 1976) and older cases, for the proposition that *Pullman* abstention is not permitted when the state court's construction of a state statute cannot avoid the necessity for constitutional adjudication. *Id.* Subsequent case law states that the third condition is satisfied if

---

[2] Plaintiffs cite *Samy F. v. Fabrizio*, 176 A.D.3d 44, 51-52 (1st Dep't 2019) in support of their construction of Article 49-B. (Pl MOL, p. 8, n. 1, 2) At least four subsequent decisions found that *Samy F.* did not hold that the OCME Subject Index was prohibited by Article 49-B. *People v. Hammzeh*, (Ind. No. 774/2020) 2021 N.Y. Misc. LEXIS 4501 at *5 (Sup. Ct. N.Y. Co. Jan. 14, 2021); *People v. Brundage*, 2020 N.Y. Misc. LEXIS 17996 at *4 (Sup Ct. N.Y. Co. Nov. 24, 2020); *People v. Belliard*, 70 Misc. 3d 965, 969 (Sup. Ct. N.Y. Co. 2020); *People v. Lora*, 2020 N.Y. Misc. LEXIS 17995 at *3-4 (Sup. Ct. N.Y. Co. Aug. 26, 2020).

resolution of the state law issue would "avoid or modify" the constitutional issue. *Hartford Courant Co.* 380 F.3d at 100 (quoting *Vt. Right to Life,* 221 F.3d at 385). Indeed, that is the standard cited in the Court's Order of January 20, 2023.

Plaintiffs assert that if Article 49-B were found to prohibit the Subject Index, the collection and analysis of DNA for comparison to crime scene DNA would still be an issue. (Pl MOL, p. 9). Even if this were true, in whole or part, the Complaint (at ¶ 27) also cites N.Y. Civil Rights Law § 79-l, and asserts that this statute prohibits genetic testing, including DNA profile analysis, of a person's biological sample without his written informed consent or a court order (unless the person is a convicted offender). If Plaintiffs' construction of section 79-l were correct (and Defendants disagree), biological samples on discarded objects could not be collected and sent for DNA profile analysis, if the source of the sample is known, without his written informed consent or a court order. This would resolve the collection and testing practices challenged in this case. Accordingly, the resolution of the state law claims raised in the Complaint could moot the Fourth Amendment claim entirely. The third condition is satisfied.

C. <u>Resolution of the Federal Constitutional Issue Depends Upon the Interpretation Given State Law</u>

This is the second condition. As previously discussed (Def Ltr, p. 5), resolution of the federal claims in *Pullman* itself, were dependent on the resolution of the state claim insofar as the state law resolution would shape any resolution that might be required on the federal claims. The same dependent relationship between the federal and state law issues exists in this case. Plaintiffs assert that this condition cannot be satisfied unless resolution of the constitutional issue is "logically dependent" on the interpretation given state law, or the state law must be interpreted before the federal issue can be resolved. (Pl MOL, pp. 4-6).

In *Winters v. Lavine,* 574 F.2d 46, 69-70 (2d Cir. 1978), decided shortly after the three-part standard for abstention was promulgated in *McRedmond*, the Second Circuit found the second condition was satisfied, because if the state courts construed the state law as providing the relief sought, then it would be unnecessary for the court to decide the federal constitutional issues. Abstention was upheld, even though the disputed federal rights concerned the First Amendment.

*Winters* cited *Reid v. Board of Education*, 453 F.2d 238, 242 (2d Cir. 1971), with approval, noting that *Reid* presented a similar situation. *Winters*, 574 F.2d at 69-70. *Reid* is interesting in that plaintiffs had not even pled state law claims; they asserted that the failure to provide special education services violated the Fourteenth Amendment. Nevertheless, the District Court invoked *Pullman* abstention, and the Second Circuit affirmed. The state law issues were state constitutional and statutory claims concerning education for students with disabilities. *Id.* at 240. Relying on *Pullman,* as well as *Askew v. Hargrave*, 401 U.S. 476 (1971) and *Reetz v. Bozanich*, 397 U.S. 82, 90 (1970), the Second Circuit upheld the abstention. It is noteworthy that the Second Circuit found that the state and federal claims were separate and distinct and that this supported abstention, because the state law issues were uncertain, and best resolved by the state courts. *Reid* 453 F.2d at 244. It is submitted that this case too satisfies the second condition.

D. Plaintiffs Do Not Address The Other Factors Favoring Abstention Here

Plaintiffs do not address the other factors that are considered when determining whether *Pullman* abstention should be invoked. First, Plaintiffs do not assert that abstention in this case would cause delay, additional costs or inconvenience. This is consistent with Defendants' position that abstention would have minimal or no such effects here. (Def Ltr, pp. 6-7). Second, Plaintiffs do not mention that the abstention doctrine is premised on the discretionary nature of equity jurisdiction and that "few public interests have a higher claim on that discretion…than the avoidance of needless friction with state policies, where the policy relates to enforcement of the

4

criminal law or ...." *Pullman*, 312 U.S. at 500. Plaintiffs do not address whether or how their vague and potentially very broad injunctive relief request, which relates to enforcement of the criminal law, should affect whether abstention should be invoked here. Nor do they address whether or how the fact that the issues raised by the Complaint concern sensitive social policy, traditional areas of state concern and core government functions should affect whether abstention should be invoked here. Plaintiffs' silence is telling.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exercise its discretion and invoke *Pullman* abstention in this case.

Dated: New York, New York
February 10, 2023

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendants 100 Church Street
New York, New York 10007
(212) 356-2083

By:  /s/
Marilyn Richter
*Assistant Corporation Counsel*