

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Marilyn Richter**
**(212) 356-2083**
mrichter@law.nyc.gov

January 4, 2023

The Honorable Naomi R. Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:  *Leslie v. City of New York*
            22 cv 02305

Your Honor:

      Defendants are submitting herewith, a proposed court order that would provide authorization for employees of the New York City Police Department, the New York City Law Department and the New York City Office of the Chief Medical Examiner to access records that are sealed pursuant to state law (New York Criminal Procedure Law § 160.50) for the purpose of obtaining information that Plaintiff has requested in discovery. The information will be provided to Plaintiff's counsel without identifying information as to individuals. Plaintiff's counsel has reviewed this proposed order, has made proposed edits, which have been accepted, and has authorized me to inform Your Honor that they do not object to this proposed order.

      Thank you for this consideration.

Respectfully,

/s/ Marilyn Richter
Marilyn Richter
Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SHAKIRA LESLIE; on behalf of herself and all others similarly situated,

                                             Plaintiff,

-against-

CITY OF NEW YORK; EDWARD CABAN, Police Commissioner for the City of New York, in his official capacity; JEFFREY MADDREY, Chief of Department for the New York City Police Department, in his official capacity; JAMES ESSIG, Chief of Detectives for the New York City Police Department, in his official capacity; BRIAN MCGEE, Deputy Chief in the Forensic Investigations Division of the New York City Police Department, in his official capacity; and DR. JASON GRAHAM, Chief Medical Examiner for the City of New York, in his official capacity,

                                             Defendants.

~~PROPOSED~~ **COURT ORDER**
22-CV-02305

------------------------------------------------------------------ X

WHEREAS, pursuant to New York Criminal Procedure Law § 160.50(1)(c), upon termination of a criminal action or proceeding in favor of the accused, "…all official records and papers…relating to the arrest or prosecution…shall be sealed and will not made available to any person or public or private agency;" and;

WHEREAS, New York Criminal Procedure Law § 160.50 is not binding upon the federal courts, *see, e.g., Woodard v. City of New York*, 2000 U.S. Dist. LEXIS 5231 at * 8-9, No. 99 CV 1123 (ILG) (E.D.N.Y. Mar. 10, 2000), and;

WHEREAS, as part of the discovery in this case, Defendants have agreed to produce data and information regarding their practices that can only be obtained from access to sealed records and;

WHEREAS, the data and information that will be produced to Plaintiff will not identify the individuals whose records have been sealed;

THEREFORE, it is hereby ordered that employees of the New York City Police Department, the New York City Office of Chief Medical Examiner, and the New York City Law Department may access sealed records solely for the purpose of obtaining and producing non-identifiable data and information in discovery.

SO ORDERED.

*[Signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

<u>January 5, 2024</u>
Date