# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
SHAKIRA LESLIE; and SHAMILL BURGOS; on behalf of themselves and all others similarly situated,

     *Plaintiffs*,

    v.

CITY OF NEW YORK; KEECHANT SEWELL, Police Commissioner for the City of New York, in her official capacity; KENNETH COREY, Chief of Department for the New York City Police Department, in his official capacity; JAMES ESSIG, Chief of Detectives for the New York City Police Department, in his official capacity; EMANUEL KATRANAKIS, Deputy Chief in the Forensic Investigations Division of the New York City Police Department, in his official capacity; and DR. JASON GRAHAM, Acting Chief Medical Examiner for the City of New York, in his official capacity;

     *Defendants*.
----------------------------------------------------------- x

Case No. 1:22-CV-02305

## STIPULATION REGARDING THE SCOPE OF DISCOVERY ABSENT A CERTIFIED CLASS

WHEREAS, the Complaint in the above-captioned action solely seeks declaratory and injunctive relief and asserts that the Plaintiffs, Shakira Leslie and Shamil Burgos, seek to bring this action as a class action; and

WHEREAS, Defendants have filed an Answer to the Complaint; and

WHEREAS, following a conference with the Court on April 6, 2023, the parties wish to resolve issues concerning the timing of Plaintiffs' proposed motion for class certification and the discovery to be sought by Plaintiffs prior to a ruling by the Court on one or both sides' motion(s) for summary judgment.

1

THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1. Plaintiffs agree that they will defer bringing a motion for class certification until after the Court rules on the motion(s) for summary judgment.

2. Plaintiffs may seek and Defendants will provide discovery concerning their policies, guides, instructions, trainings and practices concerning the following:

   a. Collecting known individuals' biological samples from items that Defendants deem to be abandoned or discarded, which are designated as abandonment samples by Defendants and for purposes of this stipulation; and

   b. Extracting and analyzing DNA from these abandonment samples; and

   c. Uploading and maintaining the resulting abandonment DNA profiles in the Subject Index which is part of the Local DNA Index ("LDIS") maintained by the New York City Office of the Chief Medical Examiner; and

   d. Comparing these abandonment DNA profiles in the Subject Index to forensic DNA; and

   e. Removal of these abandonment DNA profiles from LDIS.

3. Plaintiffs may seek and Defendants will provide discovery concerning the existence of, and the Defendants' compliance with, any independent oversight or regulation of the subjects in 2(a)-(e).

4. Plaintiffs will provide consents to the unsealing of the criminal records of Plaintiffs Leslie and Burgos. Plaintiffs may thereafter seek and Defendants will provide discovery concerning the facts resulting in the collection of biological samples from Plaintiffs Leslie and Burgos, the extraction and analysis of DNA from these samples, and the subsequent comparison of their resulting DNA profiles to forensic DNA, including the uploading, maintenance and removal of their DNA profiles from the Subject Index.

5. Plaintiffs will not seek discovery other than the discovery described in paragraphs 2 through 4 above prior to the Court ruling on the summary judgment motion(s). This includes

but is not limited to an agreement that Plaintiffs will not seek discovery for specific individuals, other than the two Plaintiffs, who may have had their DNA collected and analyzed by Defendants. Consistent with paragraph 2 above, Plaintiffs may seek and Defendants will provide discovery concerning their practices and/or the implementation of their policies for people beyond the two Plaintiffs (e.g., data), and, when necessary, Defendants may redact the names of individuals subjected to their policies and practices.

6. In addition, Plaintiffs will not seek discovery concerning Investigative Genetic Genealogy ("IGG") if Defendants provide a sworn statement that IGG does not utilize DNA profiles from the Subject Index nor any of the extracts or records associated with DNA profiles that are, have been, or may be entered in the Subject Index.

7. Defendants reserve the right to assert objections to individual discovery requests (which include but are not limited to requests posed as document requests, interrogatories, requests to admit and deposition questions) on subjects covered by paragraphs 2-4 above, on a basis other than relevance or materiality, including but not limited to that the request is overbroad, duplicative, burdensome or unclear. If Defendants assert any objections, they will confer with Plaintiffs and attempt to resolve the issue.

Dated: April 28, 2023
     New York, N.Y.

/s/
Marilyn Richter
Assistant Corporation Counsel
Corporation Counsel of the City of New York
Attorney for Defendants

/s/
Philip Desgranges
The Legal Aid Society
Attorney for Plaintiffs