UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAKIRA LESLIE; on behalf of herself and all
others similarly situated,

                           Plaintiff,

                v.

CITY OF NEW YORK; EDWARD CABAN, Police
Commissioner for the City of New York, in his official
capacity; JEFFREY MADDREY, Chief of Department for
the New York City Police Department, in his official
capacity; JAMES ESSIG, Chief of Detectives for the New
York City Police Department, in his official capacity;
BRIAN MCGEE, Deputy Chief in the Forensic
Investigations Division of the New York City Police
Department, in his official capacity; and DR. JASON
GRAHAM, Chief Medical Examiner for the City of New
York, in his official capacity;

                           Defendants.

------------------------------------------------------------------------ x

**STIPULATED PROTECTIVE
ORDER AND CLAWBACK
AGREEMENT**

22CV02305
**(NRB)**

         Subject to the Court's approval, the parties in the above-captioned litigation

(this "Action") hereby stipulate to the following protective order and the procedures set forth

herein for designating and protecting confidential information and for addressing the

production of privileged and/or personally identifiable information and material, as defined

herein. This Order shall be interpreted to provide protection consistent with Rule 502(d) of

the Federal Rules of Evidence, Rule 26(c) of the Federal Rules of Civil Procedure and any

other applicable law and shall specifically preclude the application of FRE 502(b) to any

Clawback Demand and/or Protected Material.

**CONFIDENTIALITY**

1.     This Stipulation and Order shall apply to and govern all documents and information, including electronically stored information, disclosed, produced, made available for inspection, or submitted by the parties in this litigation (collectively, "Discovery Material"). Discovery Material comprises any information that the Disclosing Party designates as "CONFIDENTIAL" during discovery in this Action, including "CONFIDENTIAL" information disclosed in depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, all other discovery in any form, and all copies thereof and information contained therein (the "Confidential Material").

2.     When used in this Stipulation and Order, the phrase "Disclosing Party" shall refer to the parties to this Action producing Discovery Material, including Confidential Material or Protected Material (as defined in Paragraph 24 below).

3.     When used in this Stipulation and Order, the phrase "Receiving Party" shall refer to the parties to this Action receiving Discovery Material, including Confidential Material or Protected Material, from a Disclosing Party.

4.     A Disclosing Party may designate as "CONFIDENTIAL" any information it believes in good faith constitutes proprietary, governmental, or personal information that is used by it in, or pertaining to, its business or operations, which information is not generally known, and which that party would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain in confidence. Except as set forth below in Paragraph 5, Personally Identifying Information ("PII") of persons whose criminal records are sealed pursuant to New York Criminal Procedure Law § 160.50 may not be disclosed by Defendants

to Plaintiff and all such PII shall be redacted before production to Plaintiff.

      5.    Personally Identifying Information of persons whose records are sealed, that is contained in some of the descriptive information from the NYPD voucher forms that also provide information about where an item was abandoned and often what the item was, which is set forth in two charts that contain thousands of entries with such descriptive information, may be produced to Plaintiff's counsel, in which case the charts will be marked as "CONFIDENTIAL" and Plaintiff's counsel may not disclose this PII without the Court's authorization. This Paragraph shall apply both retroactively to the chart that has already been produced, which shall be produced again with the designation "CONFIDENTIAL," and the chart that will be produced which shall also be marked "CONFIDENTIAL." The provisions of Paragraph 21 shall apply to these charts which shall be destroyed or returned to Defendants' counsel when the case is concluded.

      6.    Any person receiving Confidential Material shall use reasonable measures to store and maintain the Confidential Material so as to prevent unauthorized disclosure.

      7.    Persons to whom Confidential Material is disclosed shall not retain past the completion of this Action any documents marked as "CONFIDENTIAL," and shall be informed, prior to being shown materials marked as "CONFIDENTIAL," that he/she is being shown such materials solely for use in this Action.

      8.    In the absence of written permission from the Disclosing Party or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed or made available only to the following persons:

          a. Any expert, consultant, or contractor who is expressly retained by any party's attorney to assist in this Action,

and their employees, with disclosure only to the extent
reasonably necessary to perform such work;

b. Any deponent or trial witness, if it appears that the
witness authored or received a copy of the
Confidential Material, was involved in the subject
matter described therein, is employed by the party
who produced the Confidential Material, or if the
Disclosing Party consents to such disclosure; and

c. The Court, mediators, jury, court personnel, court
reporters, and other persons connected with the
Court.

9.    The persons described in Paragraphs 8(a)–(b) shall have access to the
Confidential Material only after they have been made aware of the provisions of this
Stipulation and Order, including, without limitation, Paragraph 6. Counsel retaining or
representing the persons described in Paragraph 8(a)–(b) shall require that such persons,
except contractors engaged for the purpose of reviewing, collecting, or hosting documents
produced in this matter, manifest their assent to be bound by the provisions of this Stipulation
and Order by signing the annexed "NONDISCLOSURE AGREEMENT." Counsel shall
retain copies of the signed "NONDISCLOSURE AGREEMENT" until the completion of
this Action.

10.    The recipient of any Confidential Material that is provided under this
Stipulation and Order shall maintain such material under direct control of counsel for that

party, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Order. All copies, reproductions, summarizations, extractions, and abstractions of the Confidential Material shall be subject to the terms of the Stipulation and Order and labeled in the same manner as the designated material on which they are based.

11.  Disclosing Parties shall designate Confidential Material as follows:

a.  Other than deposition transcripts and exhibits, the Disclosing Party or that party's counsel shall designate Confidential Material by (i) stamping or otherwise clearly marking as "CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility: (ii) identifying the Confidential Material as "CONFIDENTIAL" in the "Designation" data field for all productions; and (iii) providing any "CONFIDENTIAL" material in a separate "CONFIDENTIAL" production volume, which shall include full families of any Confidential Material.

b.     Deposition transcripts and exhibits may be designated as "CONFIDENTIAL" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript by any party, which shall be deemed the Disclosing Party. If so

designated, the final transcript of the designated testimony and related "CONFIDENTIAL" exhibits shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" by the reporter.

12.   Any Disclosing Party who has designated a document or information as "CONFIDENTIAL" may remove such document or information from the scope of that protection by notifying all other counsel in writing of its desire to do so.

13.   In the event a party disagrees at any stage of these proceedings with any "CONFIDENTIAL" designation, such party shall provide to the Disclosing Party written notice of its disagreement with the designation, describing with particularity the Confidential Material in question and stating the grounds for objection. Counsel for the Disclosing Party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no timely written response to the objection is made, the challenged designation is deemed void. If a timely written response to the objection is made, counsel for the parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court consistent with the Court's Discovery Rules following the specified fourteen (14) day period. The party challenging the designation shall seek to file the designated disputed material under seal in accordance with the Court's Individual Practices explaining that it is seeking to file material that incorporates specific and identifiable content whose confidentiality is in dispute.

14.   This Stipulation and Order may be modified by the Court for good cause

or to accommodate requirements of adjudication on the merits by trial or otherwise. Before filing any material designated as "CONFIDENTIAL" with the Court, the party wishing to file the material shall seek to file the material designated as "CONFIDENTIAL" under seal in accordance with the Court's Individual Practices. Any documents designated as "CONFIDENTIAL" by any party which are designated in advance by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party which has designated them as "CONFIDENTIAL" obtains an appropriate protective order from the Court.

15. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person or party responsible for the unauthorized disclosure must, within five (5) business days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of counsel for the Disclosing Party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material.

16. To the extent consistent with applicable law, the disclosure, whether inadvertent or otherwise, of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality. Disclosures may be rectified by written notification provided within a reasonable time after disclosure to counsel for all parties receiving the Confidential Material. The notification must designate the Confidential Material as "CONFIDENTIAL" in the manner provided by Paragraph 11 of this Stipulation and Order. Upon receipt of this notification, all parties shall thereafter treat all copies of Confidential Material as confidential and subject to this Stipulation and Order, including all

copies of this material that was previously produced without the "CONFIDENTIAL" designation.

17. This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated by order of the Court.

18. Nothing herein shall impose any additional confidentiality obligation upon: (a) information that was or is in the public domain; (b) information that already was in the possession of the party to which it was produced in the form in which it was produced; (c) information known to the Receiving Party through proper means; or (d) information that becomes available to a party or was obtained from a source other than the party asserting confidentiality and who is or was rightfully in possession of such information on a non-confidential basis.

19. Nothing in this Stipulation and Order shall be deemed to prejudice any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

20. Nothing in this Stipulation and Order shall preclude any party from seeking additional or different relief to protect proprietary, competitive or sensitive business or personal information.

21. This Stipulation and Order shall survive the termination of this Action, including any and all appeals, and remain in full force and effect unless modified by an Order of this Court. Within sixty (60) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material and all copies thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this 60-day period, counsel for each party shall provide

to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned or made commercially reasonable efforts to destroy all Confidential Material in accordance with this Order. Notwithstanding the foregoing, as to those materials containing Confidential Material that (a) constitute attorney work product, (b) were filed with the Court and/or marked as trial exhibits, or (c) constitute deposition transcripts and exhibits, counsel may retain such materials if such counsel otherwise comply with the provisions of this Order with respect to such retained material.

22.    This Stipulation and Order shall not be construed to waive or diminish any right to assert a claim of privilege, relevance, over-breadth, proportionality or other grounds for not producing material requested during discovery, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be granted only as provided by the discovery rules and other applicable law.

23.    This Stipulation and Order is without prejudice to the right of any party or third party to seek relief from the Court from any of the provisions contained herein.

## PRODUCTION OF PROTECTED MATERIAL

24.    Any party's production or disclosure in this proceeding of information or material that contains personally identifying information and/or is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege or protection applicable to that material or its subject matter in this Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

### *Clawback Demand by Disclosing Party*

25.    Any party that produces or discloses Protected Material (the "Producing

Party") may (i) notify in writing the party receiving Protected Material (the "Receiving Party") that Protected Material was produced or disclosed and that it does not intend to waive the applicable privilege, protection, or interest against disclosure; and (ii) demand that the Receiving Party return or destroy the Protected Material (the "Clawback Demand"). Such demand shall identify to the Receiving Party the Protected Material to be returned or destroyed (including by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document or information), the basis for the claim of privilege, protection, and/or personally identifiable information, and that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be returned or destroyed.

### *Receiving Party to Immediately Cease Inspection, Use/or Disclosure of Protected Material*

26.  If the Receiving Party identifies a document or information produced or disclosed by the Producing Party that appears to contain Protected Material, the Receiving Party shall (i) notify the Producing Party in writing that it has received the potentially Protected Material and identify the potentially Protected Material by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the Producing Party can decide whether or not to make a Clawback Demand; and  (ii) cease any inspection, use, or disclosure of the Protected Material and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

27.  Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, and/or personally identifying

information, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

28.    In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced or disclosed by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party shall not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action. These introduction, use, and disclosure limitations shall not apply if the Receiving Party notifies the Producing Party of the apparent Protected Material in accordance with Paragraph 26 and the Producing Party confirms in writing that they will not claw back the document or information.

### *Receiving Party to Destroy or Return Protected Material & Related Material*

29.    Unless the Receiving Party seeks an order compelling production of the documents or information covered by the Clawback Demand in accordance with Paragraph 30, within ten (10) business days of receiving the Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, and/or personally identifying information, the Receiving Party shall: (i) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies; (ii) notify any third party to whom the Receiving Party sent or disclosed such Protected Material that the third party must destroy it or return it to the Producing Party; (iii) destroy the specific portions of any work product, analysis, memoranda, or notes reflecting the content of such Protected Material and/or which the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such

Protected Material, and notify any third party to whom the Receiving Party sent or disclosed such Protected Material that it must do the same; and (iv) provide written assurance to the Producing Party that these actions have been completed.  If any additional work product, analyses, memoranda, or notes reflecting or based upon the Protected Material are later discovered, the specific portions reflecting or based upon the Protected Material shall immediately be destroyed. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, within ten (10) business days, produce redacted versions of the documents subject to the Clawback Demand.

### *Seeking an Order to Produce Protected Material*

30.    Notwithstanding the directives of Paragraph 29, if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon fulfilling  any obligation to meet and confer as may be required by applicable rule or law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand.  The Receiving Party's motion and/or argument to the Court (i) shall not disclose or reference the content of the Protected Material beyond the information set forth in the privilege log or the Clawback Demand itself; and (ii) shall not disclose that the material was subject to a Clawback Demand.  The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice. The Court's decision resolving the Receiving Party's motion shall govern the treatment of the disputed documents and/or information. Until the Court enters such decision, (i) the directives set forth in Paragraph 30 shall not apply; and (ii) except as this Paragraph permits, the Receiving Party shall not use the disputed Protected Material or any work product, analysis, memoranda, or notes

reflecting or based upon such Protected Material.

### *Rights, Limitations and Objections Related to this Stipulation and Order*

31.    A Party's compliance with the terms of this Stipulation shall not operate as an admission by that Party that any particular document or information is or is not (a) privileged, (b) reflective of personally identifying information, or (c) admissible in this action.

32.    Nothing contained herein is intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

33.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information and/or protected information before disclosure.

34.    Nothing contained herein is intended to or shall prevent, limit or restrict the Parties hereto in any way from objecting to or asserting an immunity, protection or privilege in any prior or subsequent litigation with respect to any Protected Material in this litigation.

35.    This Stipulation may be changed only by Order of the Court and is without prejudice to the right of any Party to seek modification of this Stipulation and Order by application to the Court on notice to the other party. But the parties may adjust, to promote discovery efficiency, by written mutual agreement, and without further order of the Court, any of the time periods specified herein. Nothing in this Stipulation and Order shall preclude any Party from seeking judicial relief, in good faith and upon notice to the other Party, with regard to any provision hereof.

## ADDITIONAL PARTIES

36.    Parties added to this Action shall be subject to this Order.


Dated: October 29, 2024
New York, N.Y.


_____/s/_____          _____/s/_____
Marilyn Richter                             Philip Desgranges
Assistant Corporation Counsel

                                            The Legal Aid Society
Corporation Counsel of the City of New York   Attorney for Plaintiffs
Attorney for Defendants


                                            SO ORDERED:

                                            Hon. Naomi Reice Buchwald
                                            United States District Judge

                                            Dated:   October 31, 2024
                                                     New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SHAKIRA LESLIE; on behalf of herself and all
others similarly situated,

                        Plaintiff,

        v.

CITY OF NEW YORK; EDWARD CABAN, Police
Commissioner for the City of New York, in his official
capacity; JEFFREY MADDREY, Chief of Department for
the New York City Police Department, in his official
capacity; JAMES ESSIG, Chief of Detectives for the New
York City Police Department, in his official capacity;
BRIAN MCGEE, Deputy Chief in the Forensic
Investigations Division of the New York City Police
Department, in his official capacity; and DR. JASON
GRAHAM, Chief Medical Examiner for the City of New
York, in his official capacity;

                        Defendants.

------------------------------------------------------------------------- x

**AGREEMENT WITH RESPECT TO STIPULATED PROTECTIVE ORDER & CLAWBACK AGREEMENT**

22CV02305
**(NRB)**

I _____, state that:

1.   My address is _____.

2.   My present occupation or job description is _____.

3.   I have received a copy of the STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT (the "Stipulation") entered in the above-entitled action on _____.

4.   I have carefully read and understand the provisions of the Stipulation.

5.   I will comply with all of the provisions of the Stipulation.

6.   I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that

is disclosed to me.

       7.    I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information not later than when requested by said counsel or upon the completion of the above captioned Action, whichever occurs first.

       8.    I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated:_____